UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHEAFEN KUO and TINA KUO,
                          Plaintiffs,

                  -v-

GOVERNMENT OF TAIWAN and
MINISTRY OF NATIONAL DEFENSE
OF TAIWAN,
                          Defendants.

17-CV-10156 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

      This is an action for damages arising out of the Taiwanese government's seizure of Plaintiffs' family home. According to the Complaint, Plaintiffs' parents, Shih Jian Kuo and K Y Kuo, purchased military housing in 1951. (Dkt. No. 1 ("Compl.") ¶¶ 9–12.) Several decades later, after Plaintiffs' father had passed away, the Ministry of National Defense informed Plaintiffs' mother that the house no longer qualified as a "resident military house" and reclassified her status from "resident military householder" to "illegal-occupied householder." (Compl. ¶¶ 20–22.) Based on this new classification, the Ministry of National Defense paid Plaintiffs' mother significantly less for her home than the amount she would have received as a resident military householder. (Compl. ¶¶ 27, 50.) Plaintiffs unsuccessfully brought suit in Taiwanese courts. (Compl. ¶¶ 51–53.) Proceeding *pro se*, Plaintiffs then filed this action against the government of Taiwan and its Ministry of National Defense.

      The Foreign Sovereign Immunities Act ("FSIA") "provides the 'sole basis' for obtaining jurisdiction over a foreign sovereign in the United States," *Republic of Argentina v. Weltover, Inc.*, 504 U.S. 607, 611 (1992). "Under the FSIA, a 'foreign state' is 'immune from the jurisdiction' of state and federal courts in the United States unless one of a number of statutory

1

exceptions applies." *Atlantica Holdings v. Sovereign Wealth Fund Samruk-Kazyna JSC*, 813 F.3d 98, 106 (2d Cir. 2016) (quoting 28 U.S.C. § 1604). The Complaint alleges that this Court has subject matter jurisdiction pursuant to the "expropriation" exception to the FSIA, which states that "[a] foreign state shall not be immune from the jurisdiction" of U.S. courts in a case

> (3) in which rights in property taken in violation of international law are in issue and that property or any property exchanged for such property is present in the United States in connection with a commercial activity carried on in the United States by the foreign state; or that property or any property exchanged for such property is owned or operated by an agency or instrumentality of the foreign state and that agency or instrumentality is engaged in a commercial activity in the United States . . .

28 U.S.C. § 1605(a)(3).

The Complaint does not adequately demonstrate the Court's subject matter jurisdiction under this exception for two reasons.

First, the Complaint does not allege that the property was taken "in violation of international law." *Id.* "It is widely accepted that the taking of property by a state from its own nationals does not violate international law." *Smith Rocke Ltd. v. Republica Bolivariana de Venezuela*, No. 12 Civ. 7316, 2014 WL 288705, at *7 (S.D.N.Y. Jan. 27, 2014); *see also Simon v. Republic of Hungary*, 812 F.3d 127, 145 (D.C. Cir. 2016) ("[A]s a general matter, a plaintiff bringing an expropriation claim involving an intrastate taking cannot establish jurisdiction under the FSIA's expropriation exception because the taking does not violate international law."); *Abelesz v. Magyar Nemzeti Bank*, 692 F.3d 661, 674 (7th Cir. 2012) (explaining that "[the] rule . . . that a so-called 'domestic taking' cannot violate international law . . . has been recognized and applied in many decisions in U.S. courts" and collecting cases).

The Complaint alleges that Defendants unlawfully seized the property of Plaintiffs' mother, K Y Kuo. Although Plaintiffs are U.S. citizens (Compl. ¶ 4), it appears from the face of

the Complaint that K Y Kuo remains a Taiwanese national.  If this is true, then Defendants' deprivation of K Y Kuo's property rights does not constitute a violation of international law.

Second, the expropriation exception requires that there be a nexus between the property at issue and a foreign defendant's commercial activity in the United States.  The stringency of the nexus requirement depends on whether the defendant is a "foreign state" or merely an "an agency or instrumentality" a foreign state.  28 U.S.C. § 1605(a)(3).  A foreign entity is an "agency or instrumentality" when it is "a separate legal person," *id.* § 1603(b), which in turn "depends on 'whether the core functions of the foreign entity are predominantly governmental or commercial.'"  *Garb v. Republic of Poland*, 440 F.3d 579, 591 (2d Cir. 2006) (quoting *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 30 F.3d 148, 151 (D.C. Cir. 1994)).  Applying this standard, the Court concludes that both the government of Taiwan and its Ministry of National Defense exercise predominantly governmental functions, and are thus both properly treated as "foreign state" defendants.

When the defendant is a foreign state, § 1605(a)(3) grants federal subject matter jurisdiction only if the disputed "property or any property exchanged for such property is present in the United States in connection with a commercial activity carried on in the United States by the foreign state."  28 U.S.C. § 1605(a)(3).  It is clear from the face of the Complaint that the home itself is in Taipei, Taiwan. (Compl. ¶ 12.)  The Complaint attempts to plead around this defect by alleging that the seized home was sold to developers and therefore the proceeds of that sale "eventually became [government] revenue, which [Taiwan] had the discretion of using . . . for . . . commercial activities in [the United States]."  (Compl. ¶ 3.)  But this conclusory allegation does not sufficiently plead either (1) that "property exchanged for" K Y Kuo's home is "is present in the United States" or (2) that the proceeds' alleged presence in the United States is

"in connection with a commercial activity." 28 U.S.C. § 1605(a)(3). *Cf. Freund v. Republic of France*, 592 F. Supp. 2d 540, 560 (S.D.N.Y. 2008) ("Plaintiffs do not specifically allege that property presently owned by [the foreign defendant] is somehow derived from the expropriated property, and they cite no authority that would permit the Court to infer such traceability."), *aff'd sub nom. Freund v. Societe Nationale des Chemins de fer Francais*, 391 F. App'x 939 (2d Cir. 2010).

Therefore, Plaintiffs shall, on or before May 11, 2018, show cause as to why their Complaint should not be dismissed for lack of subject matter jurisdiction. If Plaintiff fails to do so, this action may be dismissed.

The Clerk of Court is directed to amend the case caption to list Defendants as "Government of Taiwan" and "Ministry of National Defense of Taiwan."

SO ORDERED.

Dated: April 12, 2018
New York, New York

_____
J. PAUL OETKEN
United States District Judge

*COPY MAILED TO PRO SE PARTIES BY CHAMBERS*